UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EDNA RENEA ESCOBAR, )<br>)<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>Acting Commissioner of Social Security )<br>Administration, )<br>)<br>    *Defendant*. ) | Case No: 3:21-cv-372<br><br>Judge Christopher H. Steger |

## MEMORANDUM OPINION AND ORDER

**I.    Introduction**

Plaintiff Edna Renea Escobar seeks judicial review under § 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), from her denial of disability insurance benefits and supplemental security income by the Commissioner of the Social Security Administration under Titles II and XVI of the Act, 42 U.S.C. §§ 401-34, 1381-83f [*See* Doc. 1]. The parties consented to the entry of final judgment by the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit [Doc. 15].

For the reasons that follow, Plaintiff's Motion for Summary Judgment [Doc. 18] will be **GRANTED**, the Commissioner's Motion for Summary Judgment [Doc. 21] will be **DENIED**, and the Commissioner's decision will be **REMANDED** under Sentence Four of 42 U.S.C. § 405(g).

**II.    Procedural History**

On February 27, 2018, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability as of December 15, 2016. (Tr. 21). Plaintiff's claims were denied initially as well as on reconsideration. *Id.* As a result, Plaintiff requested a hearing before

an administrative law judge. *Id.*

At a hearing that included Plaintiff's attorney on January 29, 2020, Administrative Law Judge Jim Beeby (the "ALJ") heard testimony from Plaintiff and a vocational expert. (Tr. 21, 31). Plaintiff's counsel requested a physical consultative examination, which was granted. (Tr. 21). A supplemental hearing was then held on January 29, 2020, at which the same ALJ again heard testimony from Plaintiff and a vocational expert. *Id.* The ALJ then rendered his decision on February 14, 2020, finding that Plaintiff was "not disabled" as defined by the Act. (Tr. 31).

Following the ALJ's decision, Plaintiff requested that the Appeals Council review the denial; but that request was denied. (Tr. 1). Exhausting her administrative remedies, Plaintiff then filed her Complaint [Doc. 1] on November 3, 2021, seeking judicial review of the Commissioner's final decision under § 405(g). The parties filed competing dispositive motions, and this matter is ripe for adjudication.

### III. Findings by the ALJ

The ALJ made the following findings concerning Plaintiff's application for benefits:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2021.

2. The claimant has not engaged in substantial gainful activity since December 15, 2016, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*, 416.971 *et seq.*).

3. The claimant has the following severe impairments: spine disorder, obesity, asthma, bronchitis, migraine, and left knee disorder, status post surgeries (20 C.F.R. §§ 404.1520(c), 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1[1] (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926).

---

[1] Commonly referred to as, and hereinafter, "The Listings."

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.96(a). The claimant can lift and carry, push and pull 10 pounds occasionally and 10 pounds frequently. With normal breaks in an eight-hour day, she can sit for six hours, and stand and/or walk for two hours. She requires the use of a cane to ambulate but not to balance, and can use her free hand to lift and carry. She can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, and crawl; can tolerate occasional exposure to extreme cold, fumes, odors, dust, gases, poor ventilation; and should avoid all exposure to dangerous hazards, such as unprotected heights, and moving machinery.

6. The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565, 416.965).

7. The claimant was born on July 30, 1972, and was 44 years old, which is defined as a younger age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49 (20 C.F.R. §§ 404.1563, 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. §§ 404.1564, 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41, 20 C.F.R. §§ 404.1568, 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, 416.969(a)).

11. The claimant has not been under a disability, as defined by the Social Security Act, from December 15, 2016, through the date of this decision (20 C.F.R. §§ 404.1520(g), 416.920(g)).

(Tr. at 24-31).

IV. **Standard of Review**

This case involves an application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). An individual qualifies for DIB if she: (1) is insured for

DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1). An individual qualifies for SSI if she: (1) is aged, blind, or disabled; and (2) has income and resources that do not exceed specific limits. 42 U.S.C. § 1382(a). The definition of disabled is the same for DIB and SSI. *Compare* 42 U.S.C. § 423(d) *with* § 1382(a)(3).

The determination of disability is an administrative decision. To establish a disability, a plaintiff must show that she is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The following five issues are addressed in order: (1) if a claimant is engaging in substantial gainful activity, she is not disabled; (2) if a claimant does not have a severe impairment, she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, she is disabled; (4) if the claimant is capable of returning to work they have done in the past, she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, she is not disabled. *Id.* If, at one step, an ALJ makes a dispositive finding, the inquiry ends without proceeding to the next. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, then the burden shifts to the Commissioner to show that there is work in the national economy that the claimant can perform considering her age, education, and work

experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the Commissioner's findings and whether the Commissioner made any legal errors in the process of reaching their decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is contrary evidence, the Commissioner's findings must be affirmed if evidence exists to support the Commissioner's findings. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). Courts may not reweigh the evidence and substitute their judgment for that of the Commissioner because substantial evidence exists to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes a "zone of choice" within which decision-makers can go either way without court interference. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

Courts may consider any evidence in the record, regardless of whether the ALJ cited to it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). But courts may not consider evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Courts are also not obligated to scour the record for errors not identified by the claimant. *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. August 18, 2009) (stating that assignments of error not made by claimant were waived). Further, "issues [that] are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United*

States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

**V.     Analysis**

Among other things, Plaintiff argues that the ALJ erred because "the ALJ failed to consider Plaintiff's testimony at any point in the decision." [Doc. at 9].

**A.     Failure to Consider Plaintiff's Testimony**

Plaintiff claims the ALJ failed to consider Plaintiff's testimony because the ALJ did not discuss Plaintiff's testimony in his decision. Plaintiff conflates two separate concepts. There is a difference between what the ALJ must consider versus what he must discuss. Plaintiff is correct that the ALJ must "consider all of your statements about your symptoms, such as pain." 20 C.F.R. §§ 404.1529(a), 416.929(a). Similarly, Plaintiff is correct that the ALJ must base his findings on the record, "including any testimony from the individual." SSR 16-3p. However, an ALJ is not "required to discuss each piece of data in its opinion, so long as they consider the evidence as a whole and reach a reasoned conclusion." *Boseley v. Comm'r of Soc. Sec. Admin.*, 397 F. App'x 195, 199 (6th Cir. 2010).

Plaintiff claims that SSR 16-3p, which lays out how the Commissioner will evaluate symptoms in a disability claim, requires an ALJ to "address any hearing testimony offered from a claimant when formulating a decision." [Doc. 19 at 10]. SSR 16-3p does not support such a broad rule, but part of SSR 16-3p does support Plaintiff's general claim of error in this case. In subsection (2)(d), the ruling lists seven factors used "to evaluate the intensity, persistence, and limiting effects of an individual's symptoms." SSR 16-3p(2)(d). The seven factors are:

    1. Daily activities;
    2. The location, duration, frequency, and intensity of pain or other symptoms;
    3. Factors that precipitate and aggravate the symptoms;
    4. The type, dosage, effectiveness, and side effects of any medication an individual
       takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*

The ruling then states:

> We will consider other evidence to evaluate only the factors that are relevant to assessing the intensity, persistence, and limiting effects of the individual's symptoms. If there is no information in the evidence of record regarding one of the factors, we will not discuss that specific factor in the determination or decision because it is not relevant to the case. We *will discuss* the factors pertinent to the evidence of record.

*Id.* (emphasis added).

In this case, the ALJ was required[2] to discuss any of the seven factors that applied to Defendant's migraines from the evidence of record. The ALJ's only discussion of Plaintiff's migraines states:

> The record also shows evidence of migraines, but it is not so severe as to be disabling. The record does not contain specialized or regular treatment for this impairment. However, the claimant has gone to the emergency room a couple of times due to migraine symptoms.

(Tr. 27).

The ALJ properly addressed the fifth factor, but certainly did not address, for instance, the second,[3] fourth, or sixth factors. Therefore, if there is information in the record regarding such factors, then the ALJ erred.

---

[2] Based on the criteria in subsection (2)(d) and criteria found earlier in SSR 16-3p, that have been met in this case, such as a finding "that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms."

[3] While the ALJ's use of the word "severe" could arguably relate to intensity, it is clear from the context that "severe" is being used as a *conclusion* about Plaintiff's condition, not in a *discussion* about Plaintiff's condition (i.e., a discussion that would likely include other things such as location, duration, and frequency of pain and other symptoms) that supports a conclusion.

At the initial hearing, Plaintiff testified that her migraines grew worse over time; she was having them two to three times a week; she was taking Butalbital for both prevention and relief; and she had to "be in the dark and the total quiet" after onset. (Tr. 73-74). Thus, the second (frequency), fourth (medication), and sixth (measures other than treatment) factors were pertinent to the evidence of record. Plaintiff's testimony about her "other measures" also goes to the second factor (severity) as does her testimony that migraines were the second most severe thing bothering her. (Tr. 73). Additionally, medical records reflecting dosage and effectiveness information regarding Plaintiff's use of Butalbital further implicate the fourth factor (medication). *See, e.g.,* (Tr. 611, 612, 785, 821, 935, 949, 980, 1117, 1124, 1149, 1156).

Therefore, the ALJ erred by not discussing all the pertinent factors related to Plaintiff's migraines as mandated by SSR 16-3p.

### B. Effect of the ALJ's Error

"[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). As the Commissioner failed to follow SSR 16-3p, the question is whether that error prejudices Plaintiff on the merits or deprives her of a substantial right.

*Rabbers* involved an ALJ's failure to rate the paragraph B criteria. 582 F.3d 647. In its opinion, the Sixth Circuit specifically admonished courts to "exercise caution in conducting harmless error review" where the record contains "conflicting or inconclusive evidence" or "evidence favorable to the claimant that the ALJ simply failed to acknowledge or consider." *Id.* at 657–58. Though this case does not involve paragraph B criteria, the underlying principle applies.

Here, there is conflicting evidence. Plaintiff's testimony regarding her migraines weighs in favor of a finding of disability. However, as noted by the ALJ, Plaintiff's lack of treatment does not favor disability. Plaintiff makes the quite reasonable case that her inability to afford regular medical care should not be held against her. [Doc. 19 at 11-14]. However, she sought treatment through the years for a number of other conditions. Further exemplifying conflicting evidence, Plaintiff both testified and argues in her brief that she took Butalbital for migraines. (Tr. 73-74); [Doc. 19 at 13]. However, Plaintiff's first citation in her brief is to a medical record that clearly states the Butalbital was for low back pain. *See* (Tr. 611-12).

More importantly, there is evidence favorable to Plaintiff that the ALJ did not acknowledge and may not have considered. On the one hand, the ALJ stated generally that he considered the entire record, including Plaintiff's statements. *See* (Tr. 26) ("After careful consideration of the entire record . . ."; "I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."); (Tr. 27) ("[W]henever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, I must consider other evidence in the record to determine if the claimant's symptoms limit the ability to do work-related activities.") On the other hand, the ALJ's lack of discussion on pertinent factors related to Plaintiff's migraines leaves the Court without a meaningful way to review whether those specifics were considered.

Therefore, on the record in this case, the Court cannot find that the ALJ's error was harmless. The ALJ's error in failing to fulfill the requirements of SSR 16-3p prejudiced Plaintiff on the merits. Thus, remand is appropriate whether or not the Commissioner's decision is supported by substantial evidence.

## VI. Conclusion

Having reviewed the administrative record and the parties' briefs, Plaintiff's Motion for Summary Judgment [Doc. 18] is **GRANTED**, the Commissioner's Motion for Summary Judgment [Doc. 26] is **DENIED**, and the Commissioner's decision is **REMANDED** to the ALJ under Sentence Four of 42 U.S.C. § 405(g).

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE